IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | | |
|---|---|---|
| Larry Anthony Guinn, | ) | Civil Action No. 4:16-cv-01123-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Transamerica Premier Life Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | **CONSENT ORDER FOR** |
| and | ) | **DISBURSEMENT OF FUNDS** |
| | ) | **AND DISMISSAL OF ALL** |
| Transamerica Premier Life Insurance Company, | ) | **CLAIMS WITH PREJUDICE** |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Margaret Ann Rhodes, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |
| | ) | |

BEFORE THE COURT is the request of the Defendant/Third-Party Plaintiff, Transamerica Premier Life Insurance Company ("Transamerica"), with the consent of Plaintiff Larry Anthony Guinn and Third-Party Defendant Margaret Ann Rhodes, to: (a) allow Transamerica to pay the proceeds of the subject life insurance policy to the interested parties; (b) discharge Transamerica from further liability relating to the subject life insurance policy; (c) enjoin Plaintiff Larry Anthony Guinn and Third-Party Defendant Margaret Ann Rhodes from pursuing legal action in the future against Transamerica relating to the subject life insurance

policy; and (d) dismiss all claims, counterclaims, third-party claims, and crossclaims, with prejudice.

THE RECORD REFLECTS the following facts pertinent to the Order requested by Transamerica:

1. On May 26, 1982, a predecessor to Transamerica issued a life insurance policy bearing Policy No. xxxxx0221 with a face amount of FIFTY THOUSAND AND NO/100S ($50,000.00) Dollars on the life of Larry P. Guinn ("the Policy").

2. Transamerica received an executed change of beneficiary form dated June 22, 2007 naming Margaret Ann Rhodes as the irrevocable primary beneficiary of the death benefit for the Policy.

3. Transamerica received an executed change of beneficiary from dated October 14, 2011 naming Larry Anthony Guinn as the primary beneficiary of the death benefit for the Policy.

4. Larry P. Guinn died on May 22, 2014.

5. After the death of the Insured, both Larry Anthony Guinn and Margaret Ann Rhodes made claims for the death benefit under the Policy.

6. On March 10, 2016, Larry Anthony Guinn commenced the above-captioned action asserting various claims relating to the Policy.

7. Due to the competing claims, on July 18, 2016 Transamerica filed a counterclaim and third-party claim for interpleader because it was in doubt as to which party is entitled to payment of the proceeds of the Policy, and Transamerica is or may be exposed to multiple or inconsistent liability and obligations under the Policy.

8.  Plaintiff Larry Anthony Guinn and Third-Party Defendant Margaret Ann Rhodes both appeared and asserted their positions in the instant lawsuit and have agreed to the Court's exercise of *in personam* jurisdiction.

THE COURT FINDS that it has jurisdiction over both the subject matter and the parties. The Court also finds that all parties with a potential interest in the insurance proceeds payable under the Policy have been named and properly joined as parties.

THE COURT IS FURTHER INFORMED that counsel of record agree that Transamerica should be awarded the sum of SEVEN THOUSAND FIVE HUNDRED AND NO/100S ($7,500.00) DOLLARS for its attorneys' fees and costs incurred in asserting and litigating its interpleader claim. The Court finds that this sum is reasonable and may be withheld from the funds that Transamerica is currently holding and seeks to distribute to the parties.

NOW, THEREFORE, the Court hereby orders the following:

1.  Transamerica is hereby awarded and may withhold from the policy proceeds attorneys' fees and costs in the amount of SEVEN THOUSAND FIVE HUNDRED AND NO/100S ($7,500.00) DOLLARS.

2.  After deducting its attorneys' fees and costs of SEVEN THOUSAND FIVE HUNDRED AND NO/100S ($7,500.00) DOLLARS, Transamerica shall pay to Larry Anthony Guinn thirty-five percent (35%) of the remaining funds and shall pay to Margaret Ann Rhodes sixty-five percent (65%) of the remaining funds. The payment to each party shall be in accordance with the instructions from their respective counsel. These payments shall occur within thirty (30) days of the entry of this Order. If no instructions are provided for payment, Transamerica shall make payment to the respective law firms for the attorneys representing Larry Anthony Guinn and Margaret Ann Rhodes.

      3.      Transamerica is hereby discharged from any further liability or obligation under the life insurance policy on the life of Larry P. Guinn.

      4.      Larry Anthony Guinn and Margaret Ann Rhodes are enjoined and restrained from instituting any action against Transamerica or from continuing to pursue any existing efforts or action against Transamerica for the recovery of any proceeds related to the life insurance policy on the life of Larry P. Guinn.

      5.      This action and all claims, counterclaims, crossclaims, and third-party claims are hereby dismissed with prejudice.

**IT IS SO ORDERED.**

s/R. Bryan Harwell
The Honorable R. Bryan Harwell
United States District Court Judge

Dated: January 17, 2017

Florence, South Carolina